UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:19-CV-30115-MGM

| | |
|---|---|
| JOSHUA BROWN,<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| CITY OF EASTHAMPTON, EASTHAMPTON<br>PUBLIC SCHOOLS, KEVIN BURKE,<br>RICK J. ROGALSKI, NANCY FOLLANSBEE<br>and ROBERT J. ALBERTI,<br>    Defendants | )<br>)<br>)<br>)<br>) |

## MOTION FOR CRIMINAL AND PROBATION RECORDS

NOW COME the defendants, Easthampton Public Schools, Kevin Burke, Rick J. Rogalski, Nancy Follansbee and Robert J. Alberti (hereinafter "defendants"), and move this Court to order the Massachusetts Criminal History Systems Board to provide the defendants with a list of all arrests, convictions and guilty pleas, not related to any juvenile matter, which they have records of concerning the plaintiff, Joshua Brown (hereinafter "plaintiff"). As grounds therefor, defendants state the following:

## ARGUMENT

Plaintiff's criminal and probation records are relevant to the parties' claims and defenses in this matter. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[R]elevance is broadly construed at the discovery stage." *Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co.*, 173 F.R.D. 7, 11 (D. Mass. 1997). Information does not have to be admissible in order to be discoverable. Fed. R. Civ. P. 26(b)(1).

637189

Discovery of the plaintiff's criminal and probation records is calculated to lead to the discovery of admissible evidence because prior convictions are admissible for impeachment purposes pursuant to Federal Rule of Evidence 609.  See Fed. R. Evid. 609; *Schuurman v. North Reading*, 139 F.R.D. 276, 277-278 (D. Mass. 1991).  Therefore, the instant motion should be allowed to the extent that it seeks plaintiff's convictions.

Additionally, plaintiff's First Amended Complaint and Jury Demand ("Amended Complaint") includes allegations regarding the prosecution of the plaintiff that followed the March 29, 2017, altercation alleged in the Amended Complaint.  See Document No. 11 at ¶¶ 26, 49, 61 (the District Attorney's Office consented to the dismissal of the case"); 68.  Therefore, plaintiff's criminal and probation records concerning his arrest, prosecution, and any pleas he may have entered are relevant to the defense of this action.

## CONCLUSION

THEREFORE, defendants request that this Court order the Massachusetts Criminal History Systems Board to provide the defendants with the criminal records of plaintiff and attach a proposed order for the Court's consideration as <u>Exhibit A</u>.  See 803 C.M.R. 2.07(3)(d).  ("An attorney seeking to obtain a non-client's CORI, beyond what is available *via* Open Access to CORI, for litigation purposes shall submit a valid, signed court order directly to the DCJIS").  If the instant motion is allowed, defendants request permission to fill in the relevant information (Date of Birth, Social Security Number) on the order, prior to remitting the order to the relevant state agency.  A copy will be provided to plaintiff's counsel.

637189

**CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL RULE 7.1**

Counsel for the parties have conferred and attempted to in good faith to resolve or narrow the issues that form the subject matter of this motion.

THE DEFENDANTS,
EASTHAMPTON PUBLIC SCHOOLS, KEVIN BURKE, RICK J. ROGALSKI, NANCY FOLLANSBEE AND ROBERT J. ALBERTI,

By   */s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., BBO# 544402

~and~

   */s/ David S. Lawless*
David S. Lawless, Esq., BBO #664754
Both of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301 Fax (413) 452-0342
npelletier@robinsondonovan.com
dlawless@robinsondonovan.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 12th day of May 2020.

   */s/ David S. Lawless, Esq.*
    David S. Lawless, Esq.

637189